UNITED STATES of America

v.

Richard PURVIS, Matthew Spurr, and Tony Goble, Defendants.

No. 82 Cr. 0254 (KTD).

United States District Court, S. D. New York.

July 23, 1982.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for United States, Michael S. Feldberg, Asst. U. S. Atty., New York City, of counsel.

David A. DePetris, New York City, for defendants Richard Purvis and Matthew Spurr.

Litman, Friedman, Kaufman & Asche, New York City, for defendant Tony Goble; Herman Kaufman, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendants are charged in a three count indictment with involvement in a narcotics transaction effected January 15, 1982 between defendants Purvis and Spurr and Drug Enforcement Administration ("DEA") agents. The transaction supposedly took place in Spurr and Purvis' hotel room at the Halloran House in New York City. Goble, who apparently was not in the hotel room at the time of the arrest of his codefendants, was arrested at a later date. All three defendants are charged in Count I with conspiracy to distribute cocaine; defendants Spurr and Purvis are charged in Count II with use of a firearm in connection with the charged conspiracy; in Count III defendant Goble and two unindicted co-conspirators are charged with conspiracy to distribute cocaine.

Defendants Purvis and Spurr, represented by the same counsel, move for dismissal of the indictment, for suppression of the money and a firearm seized during their arrest and for return of the money seized from the defendants by the DEA agents. Defendant Goble also moves for dismissal of the indictment. In addition, he seeks disclosure of the identity of two purported government witnesses and suppression of an address book seized from his co-defendants' hotel room.

### A. Defendants Purvis and Spurr

Defendants Purvis and Spurr allege that DEA Agent Hall promised that in return for their cooperation (i) the defendants would not receive a jail sentence, (ii) the most serious charge brought against them would be a misdemeanor and (iii) "a substantial portion" of the money seized at their arrest would be returned to them. Purvis and Spurr now wish to enforce these alleged DEA promises as binding on the prosecution. Alternatively, defendants Purvis and Spurr move to suppress the gun and money seized without a warrant in their hotel room at the time of their arrest along with certain post arrest statements. Finally, these defendants request a return of the $100,000 allegedly seized illegally at their arrest. The validity of the defendants arguments and the need for a hearing cannot be assessed without sworn affidavits from the defendants. Defendants have failed to submit this evidence, without which they cannot meet their initial burden of showing the existence of taint, and no hearing need be held. *See United States v. Leong*, 536 F.2d 993, 997 (2d Cir.), *cert. denied*, 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 293 (1976). Defendants Purvis and Spurr are accordingly directed to submit sworn affidavits within ten days of the date hereof to prevent denial of their motions in their entirety.

### B. Defendant Goble

Defendant Goble's motions to dismiss the indictment against him, to disclose the identity of certain witnesses and to suppress his address book do not present factual questions necessitating a hearing and therefore are ripe for determination.

#### 1. Dismissal of Count I

Count I of the indictment charges defendants Goble, Purvis and Spurr with con-

spiracy to distribute cocaine. Goble contests his inclusion in this count and argues that his preliminary interest in the drug scheme did not rise to the level of a "stake in the venture" and constitute membership in the conspiracy. Furthermore, he asserts that "substantial" exculpatory information which would have prevented his indictment on Count I was kept from the Grand Jury.

Goble argues that the AUSA's failure to present facts to the Grand Jury which purportedly evidence Goble's withdrawal from the conspiracy warrant either dismissal of Count I of the indictment or *in camera* review of the Grand Jury transcript. Goble contends that if the evidence showing his withdrawal was presented to the Grand Jury, no indictment would have followed. Specifically, Goble argues that the government told the Grand Jury that he met with DEA agents and his co-defendants to arrange a cocaine transaction but did not mention his withdrawal from the conspiracy. Apparently, if Goble did arrange to purchase cocaine from the DEA agents either in his co-defendants' hotel room or near the hotel, he never returned to his co-defendants' hotel room to purchase the cocaine nor did he express any willingness to buy the narcotics at a later date. Goble alleges that despite repeated requests from his co-defendants, he steadfastly refused from the late evening of January 15, when he allegedly participated in the arrangement of the sale, until January 17, when he left New York City, to be part of any drug deals. This avoidance of the criminal scheme, Goble contends, manifests his withdrawal from the conspiracy.

 From this alleged withdrawal the defendant would have one conclude that he is not guilty of the crime. But in making this argument the defendant, perhaps intentionally, muddles the elements of a substantive crime which was the object of the conspiracy with the elements of the conspiracy itself. Congress has made the two entirely separate and distinct crimes. For example, conspiracy to distribute cocaine or possess cocaine with the intent to distribute is proscribed by 21 U.S.C. § 846. The actu-

al possession or distribution of cocaine, however, is a separate crime prohibited by 21 U.S.C. § 841 and carries with it a separate penalty. One can join a conspiracy and be guilty of the crime of conspiracy even if the object of the conspiracy is never accomplished or even if the defendant withdraws from the conspiracy prior to the commission of the underlying crime. Proof of the conspiracy is complete when the agreement is shown, an overt act accomplished and a conspirator joins with the requisite knowledge and intent. *See, e.g., United States v. Perry*, 643 F.2d 38 (2d Cir.), *cert. denied*, 454 U.S. 835, 102 S.Ct. 138, 70 L.Ed.2d 115 (1981); *United States v. Mowad*, 641 F.2d 1067 (2d Cir.), *cert. denied*, 454 U.S. 817, 102 S.Ct. 94, 70 L.Ed.2d 86 (1981); *United States v. Eisenberg*, 596 F.2d 522 (2d Cir. 1979), *cert. denied*, 444 U.S. 843, 100 S.Ct. 85, 62 L.Ed.2d 56 (1979); *United States v. Tramunti*, 513 F.2d 1087 (2d Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975). If the conspirator later affirmatively withdraws from the conspiracy he is not responsible for the acts and declarations of his coconspirators occurring after that withdrawal. The withdrawal does not, contrary to Goble's suggestion, absolve the defendant of all criminal liability for the crime already committed. *United States v. Read*, 658 F.2d 1225, 1232 (7th Cir. 1981). The withdrawal defense, unless coupled with the expiration of the statute of limitations, is not a complete defense to the charge of conspiracy. *Id.* at 1233.

 The indictment therefore stands as a viable charge against Goble and cannot be successfully challenged by raising the withdrawal defense. The indictment is not proof of guilt or innocence but instead reflects the Grand Jury's belief that probable cause exists to believe that Goble was part of a conspiracy. *See United States v. Ciambrone*, 601 F.2d 616, 622 (2d Cir. 1979). Once an indictment which is valid on its face is returned, the Grand Jury proceedings will not be examined absent exceptional circumstances. *See United States v. Schlesinger*, 598 F.2d 722, 726 (2d Cir.) (Lumbard, J.), *cert. denied*, 444 U.S. 880,

100 S.Ct. 168, 62 L.Ed.2d 109 (1979); *United States v. Weinstein,* 511 F.2d 622, 627 (2d Cir.), *cert. denied,* 422 U.S. 1042, 95 S.Ct. 2655, 45 L.Ed.2d 693 (1975). The grand jury system as it exists today "depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979).

Goble attempts to prove that the AUSA's presentation of facts to the Grand Jury constitute exceptional circumstances warranting removal of the guarded shroud of secrecy which normally cloaks the Grand Jury proceedings. The defendant correctly states that the AUSA is bound to inform the Grand Jury of "any *substantial* evidence negating guilt ... at least where it might reasonably be expected to lead the jury not to indict." *United States v. Ciambrone,* 601 F.2d at 623 (emphasis added). However, there is no reason to believe that evidence negating Goble's guilt was kept from the Grand Jury in this case. Facts allegedly documenting Goble's affirmative withdrawal from the conspiracy cannot immunize the defendant from conspiratorial acts committed prior to his withdrawal. If such immunity was available, a defendant could only be found guilty of conspiracy after he was found guilty of the underlying substantive crime. This result would squarely conflict with statutory and case law which establish "that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489 *quoted in United States v. Clark,* 613 F.2d 391, 400 (2d Cir. 1979), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).

Goble presents no other arguments to show that the circumstances here are exceptional and warrant a review of the proof before the Grand Jury. The importance of preventing mini-trials on the issues of guilt or innocence prior to the time of trial, absent exceptional circumstances cannot be over-emphasized. My refusal to reopen the Grand Jury proceedings in no way abridges the defendant's right to his day in court at which time he can only be adjudged guilty

after a guilty plea or jury trial in which guilt must be established beyond a reasonable doubt.

Goble's motion to dismiss Count I is denied.

## 2. Disclosure of Government Witnesses

■ Goble requests that I order disclosure of the identity of two particular witnesses to the transactions upon which the indictment is based. At this stage in the proceedings, disclosure is only appropriate when the defendant can demonstrate that the interests of the government in encouraging cooperation and protecting its informants is outweighed by the defendant's interests in preparing his defense, *McCray v. Illinois,* 386 U.S. 300, 310, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967) and that the witnesses in question constitute the " 'essence,' ... of the probable cause ..." on which the indictment rests. *United States v. Manley,* 632 F.2d 978, 985 (2d Cir. 1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Although Goble has an obvious interest in interviewing all persons with personal knowledge of relevant facts, he has not shown a sufficient interest in obtaining the identity of the government's two witnesses. The undisclosed witnesses were supposedly privy to conversations between DEA Agent Hall, the co-defendants and Goble, all of whom are disclosed to the defense. The defense cannot then allege that these witnesses and not Agent Hall or the co-defendants supply the basis of the probable cause found in the indictment. Accordingly, the defendant's motion for disclosure is denied.

## 3. Suppression of Address Book

■ Goble's motion to suppress the address book seized by DEA agents in the hotel room of co-defendants Purvis and Spurr does not present contested factual issues requiring a hearing. Goble states in his sworn affidavit that he visited the hotel rooms of Purvis and Spurr in the Halloran House and inadvertently left his address book in this room. Goble's argument that

he did not intentionally abandon the book is only relevant if he can establish that he held a legitimate expectation of privacy in the hotel room of his co-defendants. *See United States v. Salvucci*, 448 U.S. 83, 93, 100 S.Ct. 2547, 2553, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). A casual visitor to a hotel room does not have a legitimate expectation of privacy, *United States v. Agapito*, 620 F.2d 324, 334 (2d Cir.), *cert. denied*, 449 U.S. 834, 101 S.Ct. 107, 66 L.Ed.2d 40 (1980), and accordingly Goble's motion to suppress the address book is denied.

### 4. Dismissal of Count III

■ Count III of the indictment charges Goble with conspiracy to distribute cocaine with two unindicted coconspirators, Gustavo Nestor Valle and Jose Antonio Ferriero. Goble alleges that this count is based entirely on hearsay and is thus subject to dismissal. The use of hearsay in grand jury proceedings is permissible when the Grand Jury is not misled into believing that hearsay is direct evidence. *United States v. Estepa*, 471 F.2d 1132, 1136 (2d Cir. 1972). AUSA Feldberg, who presented the evidence to the Grand Jury in this case, swears in his affidavit that the Grand Jury was duly informed as to the hearsay nature of the evidence presented to them. Thus, the instant use of hearsay does not justify dismissal of Count III of the indictment.

■ Alternatively, Goble argues, as he did with respect to Count I, that the failure of the AUSA to present exculpatory information to the Grand Jury requires dismissal of Count III or *in camera* examination of the transcript of the proceedings. As stated earlier, the proceedings will only be scrutinized if it appears that "substantial evidence negating guilt" was kept from the Grand Jury. *United States v. Ciambrone*, 601 F.2d at 623. The government has turned over to Goble a taped conversation between defendant Purvis and Gustavo Nestor Valle placing into doubt Goble's involvement in an unidentified drug sale. I have been provided with a transcript of this conversation by Goble's attorney. The tape may support a valid defense properly raised at trial, but it does not counter Goble's original enlistment in the conspiracy charged. This conversation, if it was not in fact played to the grand jury, is not reason enough to disturb the Grand Jury finding of probable cause. I cannot accept Goble's argument that no indictment would follow if the tape was played before the Grand Jury. Accordingly, this tape is not deemed substantial under the *Ciambrone* analysis and Goble's motion to dismiss Count III of the indictment is denied.

In sum, defendants Purvis and Spurr are directed to submit sworn affidavits within ten days of the date hereof and defendant Goble's motions are denied in their entirety.

SO ORDERED.